RICHARD G. HESTON, Bar No. 90738
HALLI B. HESTON, Bar No. 90737
HESTON & HESTON, Attorneys at Law
19700 Fairchild Road, Suite 200
Irvine, CA 92612
(949) 222-1041
(949) 222-1043 Fax
rheston@hestonlaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: | ) Chapter 13 |
| STEPHEN B. FULLER and RENEE M. FULLER, | ) Case No.: 8:19-bk-10440-MH |
| Debtors. | ) **REPLY BRIEF IN RESPONSE TO CHAPTER 13 TRUSTEE'S OPPOSITION TO DEBTOR RENEE FULLER'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY POST-CONFIRMATION** |
| | ) Date: October 26, 2026 |
| | ) Time: 10:30 A.M. |
| | ) Place: 411 West Fourth Street, Santa Ana, CA 92701 |
| | ) Ctrm: 6C |

Debtor RENEE M. FULLER submits the following Reply to the Chapter 13 Trustee's Comments and Opposition to Debtor's Motion for Authority to Sell Real Property Post-Confirmation.

## I.

## DISTINCTION BETWEEN CHAPTER 7 AND CHAPTER 13 PROCEEDINGS

At the outset, the Debtor acknowledges the Chapter 13 trustee's citation to *In re Hyman*, 123 BR 342 (9th Cir. BAP 1991) as an authority. In *In re Hyman*, the court held that in a Chapter 7 proceeding, all property in which the debtor holds an interest as of the petition date becomes

1

property of the estate, and if such property appreciates during the pendency of the case, the debtor's interest remains the exempt portion.

However, this is not a Chapter 7 case, and the principles governing the debtor's duties and rights with respect to property of the estate in Chapter 7 and Chapter 13 differ significantly. The overarching distinction being that while in Chapter 7 the appointed trustee administers the nonexempt property of the estate, in Chapter 13, the debtor agrees to make payments equivalent to the nonexempt equity value that would be subject to administration in a hypothetical Chapter 7 case at the time of confirmation of the Chapter 13 plan.

## II.

## CONGRESSIONAL INTENT BEHIND CHAPTER 13 REORGANIZATIONS

As was observed by the BAP in *In re Lynch*, 363 B.R. 101, 107 (B.A.P. 9th Cir. 2007) in addressing why the value of property of the estate in a case converted from Chapter 13 to Chapter 7 was valued as of the Chapter 13 filing date,

> "Examining legislative history reveals that encouraging Chapter 13 reorganizations over Chapter 7 liquidations was an evident Congressional purpose. **Excluding equity resulting from debtors' payments on loans secured by their residence and property appreciation subsequent to their chapter 13 filing in a case converted to chapter 7 serves the congressional purpose of encouraging chapter 13 reorganizations over chapter 7 liquidations, as reflected in the legislative history**. See Section 2 supra. That interpretation is buttressed by the language of § 348(f)(2), that provides, in contrast to § 348(f)(1)(B), if a debtor converts a chapter 13 case to chapter 7 in bad faith, "the property in the converted case shall consist of the property of the estate as of the date of conversion." (Emphasis added).

Furthermore, *In re Brumm*, 344 B.R. 795, 802 (Bankr. N.D.W. Va. 2006) the court noted the nature of the "bargain" that a debtor is offered if she proceeds in Chapter 13, "earning" her discharge by making payments over time,

> "Fourth, the hallmark of Chapter 13 cases is the bargain between the debtor and the debtor's creditors whereby the debtor is allowed to keep pre-petition property in exchange for promising payments in the future that — at a minimum — must be at least as much as creditors would receive had the debtor

2

filed Chapter 7 and liquidated all non-exempt assets. See 11 U.S.C. § 1325(a)(4). The source of future plan payments is the debtor's future earnings or other future income, § 1322(a), and the debtor is not required to commit pre-petition property to the repayment of pre-petition debts."

## III.

## CONGRESSIONAL INTENT AND THE IN RE LYNCH EXCEPTION

The detailed reasoning in *In re Lynch*, supra, provides pivotal insights into Congressional intent, especially when contrasted against the ruling in *In re Hyman*, supra. Central to *In re Lynch* was the vital issue: Would equity, which arose from property appreciation during a Chapter 13 proceeding, become property of the Chapter 7 estate upon a voluntary conversion?

*In re Lynch* delineates a distinct divergence from the rule established in *In re Hyman*. In *In re Lynch*, the Court took a more different approach, placing significant weight on the debtors' good faith intentions while in Chapter 13. By emphasizing that good faith forms the bedrock of Chapter 13 proceedings, the Court reasoned that debtors who initiated Chapter 13 with sincere intentions to reorganize and subsequently satisfy creditor claims through their proposed plan were essentially preserving their property interests.

Moreover, 11 U.S.C. § 348 specifically addresses the issue of bad faith conversions from Chapter 13 and the inclusion of postpetition appreciation. Specifically, Section 348(f)(2) provides that "If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion." 11 U.S.C. § 348

See also *In re Lynch*, 363 B.R. 101, 107 (B.A.P. 9th Cir. 2007) ("If Congress intended in § 348(f)(1)(B) that, in the absence of a contested valuation proceeding in chapter 13, the chapter 7 trustee would capture postpetition appreciation upon conversion, the "bad faith" provision in § 348(f)(2) would appear to be unnecessary.")

The situation here is analogous, although debtor Renée Fuller is not seeking conversion, she is seeking authority to sell her home so that she can relocate out of state. Nevertheless, the notion that she should be forced to turn over to the Chapter 13 trustee the post-petition and post-confirmation appreciation in her home serves no purpose in the absence of a showing of bad faith.

This crux of the matter becomes all the more poignant given that the conversion from Chapter 13 to Chapter 7 in *In re Lynch* was voluntary. The debtors, in recognizing that their reorganization efforts under Chapter 13 were not proceeding as hoped, opted to convert to Chapter 7. Yet, the Court in *In re Lynch* held that their earnest endeavors in Chapter 13 and the good faith behind those endeavors ensured that they did not have to relinquish the appreciation which had accrued during their Chapter 13 proceedings to the Chapter 7 estate.

## IV.
## INDIVIDUAL CIRCUMSTANCES WARRANT CONSIDERATION

The facts of this case merit careful consideration, given the difficult road the Debtors have navigated. Originally, the case was jointly filed as Chapter 7, despite the tentative separation between the two Debtors, who eventually divorced while the case remained pending. Initially guided by inexperienced counsel who mistakenly advised Debtors that in a joint case, each claimant their home is a homestead, only to trigger objections from the Chapter 7 trustee and initiation of efforts to sell both properties, the Debtors sought alternate counsel and learned that only one homestead could be claimed. This precipitated the conversion of their case to Chapter 13, not to exploit homestead claims but to preserve both properties by committing to repay the nonexempt equity from future income.

As evidenced by a docket approaching 200 entries, this case's progress has been anything but straightforward and without difficulties. Following their divorce, Debtor Stephen Fuller retired, sold his California residence subject to the claim of homestead with Court approval, and to meet *In re Jacobson*'s reinvestment requirements, moved to Oregon, purchasing a replacement homestead.

Conversely, Debtor Renée Fuller has persevered, extending the plan to the maximum 84 months, permitted due to special provisions introduced in light of the COVID pandemic. During this period, her Oceanside property witnessed consistent appreciation – a testament to Southern California's real estate. However, currently she confronts escalating expenses that surpass her income.

In seeking authority to sell the Oceanside property, Debtor Renée Fuller's intent is not to liquidate her home's equity but to relocate to either Arizona or Nevada where living costs are

4

more manageable. This move aims to facilitate her in generating sufficient employment income to continue with her plan payments through to completion and discharge. Debtor Renée Fuller's request is not to profit from the property's appreciation but to transfer the equity from a high-cost region to a more affordable one, enabling her to maintain her quality of life while fulfilling her commitments under the plan.

An alternative would be for Debtor Renée Fuller to withdraw the motion, possibly putting her Oceanside property up for rent and moving to a more affordable state. But such an action would neither benefit the creditors nor the debtor. For these reasons, it is respectfully advocated that Debtor Renée Fuller be authorized to sell the property, facilitating her move to an affordable region where she can sustain herself on her potential income.

## **CONCLUSION**

Given the legislative intent behind Chapter 13 reorganizations, the unique circumstances surrounding this case, and the precedent set forth in *In re Lynch*, it is respectfully submitted that the Court should grant the debtor authority to sell the real property post-confirmation.

Dated: October 24, 2023                     /s/ Richard G. Heston
                                            Richard G. Heston,
                                            Attorney for Debtor

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280, Irvine, CA 92612

A true and correct copy of the foregoing document entitled **REPLY BREIF IN RESPONSE TO CHAPTER 13 TRUSTEE'S OPPOSITION TO DEBTOR RENEE FULLER'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY POST-CONFIRMATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/24/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jenelle C Arnold**    ecfcacb@aldridgepite.com, jarnold@ecf.courtdrive.com
- **Amrane (SA) Cohen (TR)**    efile@ch13ac.com
- **Merdaud Jafarnia**    mjafarnia@alaw.net, mjafarnia@ecf.inforuptcy.com
- **Natalie E Lea**    Natalie.Lea@Bonialpc.com
- **Erin P Moriarty**    emoriarty@kosmalalaw.com, wkosmala@kosmalalaw.com;jfountain@kosmalalaw.com;weneta.kosmala@7trustee.net
- **Katie M Parker**    ecfcacb@aldridgepite.com, KParker@ecf.courtdrive.com
- **JaVonne M Phillips**    bknotice@mccarthyholthus.com, jphillips@ecf.courtdrive.com
- **Cassandra J Richey**    cdcaecf@bdfgroup.com
- **Mukta Suri**    Mukta.Suri@BonialPC.com
- **Rachael Swernofsky**    rswernofsky@qslwm.com
- **Matthew L Tillma**    matt.ecfiling@gmail.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Darlene C Vigil**    cdcaecf@bdfgroup.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/24/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 325
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                     F 9013-3.1.PROOF.SERVICE

that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/24/2023 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE