| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Richard G. Heston; SBN: 90738<br>Heston & Heston, Attorneys at Law<br>19700 Fairchild Road<br>Suite 280<br>Irvine, CA 92612-2528<br>(949) 222-1041<br>(949) 222-1043<br>rheston@hestonlaw.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Debtors*<br>☐ *Chapter 13 trustee* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**NOV 13 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** craig    **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -SANTA ANA DIVISION**

| In re:<br><br>STEPHEN B. FULLER, and<br>RENEE M. FULLER,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:19-bk-10440-MH<br>CHAPTER: 13<br><br>**ORDER ON:**<br>☐ **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**<br>☒ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO LOAN MODIFICATION**<br>☐ **OTHER:**<br><br>☐ No hearing held<br>☒ Hearing held<br>DATE: 11/09/2023<br>TIME: 12:00 p.m.<br>COURTROOM: 6C<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*     Page 1     **F 3015-1.14.ORDER.CH13.GENRL**

Based on Debtor's motion filed on (*date*) 09/23/2023 as docket entry number 222 and the recommendation of the chapter 13 trustee, it is ordered that Debtor's motion is:

☐    Granted            ☐    Denied

☐    Granted on the terms set forth in the chapter 13 trustee's comments on or objection to Debtor's motion

☒    Granted on the following conditions:

    1. Approval of motion for escrow to pay the liens of RightPath Servicing ("RightPath"), Service Finance Company, LLC ("SFC"), and Park Ridge Condominium Assn., as well as the usual and customary escrow fees and charges.

    2. Pursuant to Debtors' confirmed plan, arrears to the secured creditor RightPath are to be paid by the Trustee. By agreement between Debtors and the Trustee, and to simplify the recording of documents, escrow shall disburse the remaining balance of the secured arrears of RightPath in proof of claim no. 18 in the approximate amount of $1,859.01 on behalf of the Trustee and the Trustee is authorized to take his fee of up to $185.90 for this disbursement.

    3. Nationstar Mortgage LLC will be paid in full on its claim concurrently upon close and directly out of escrow; and, Debtor to timely submit a request for payoff to Nationstar prior to closing in order to ensure that the correct and full amounts are paid to Nationstar out of escrow.

    4. Creditor SFC is a secured claim which should have been disclosed, provided for, and paid through the plan. To resolve this issue, by agreement between Debtors and the Trustee, and to simplify the recording of documents, escrow shall disburse the payoff demand of SFC in the approximate amount of $32,474.47 on behalf of the Trustee and the Trustee is authorized to take his fee of up to $3,247.44 for this disbursement.

    5. Upon review of the final closing statement, the Trustee is also authorized to take his statutory fee on any payments made by escrow for any impaired claims that should have been provided for through the plan.

    6. The Trustee is authorized to make a demand upon escrow for up to $200,000 of the proceeds, estimated to be sufficient to pay all claims at 100%.

    7. Debtors may file a motion to modify the plan to provide for less than a 100% distribution to unsecured creditors, with any such motion to be filed within 30 days of the closing of escrow. On the record at the time of the hearing, the Trustee indicated that provided the proposed modification did not reduce the distribution to creditors below 62.5%, the Trustee would not oppose such modification.

    8. Notwithstanding any dismissal of the case, the Court retains jurisdiction as to all funds and property of the estate from this sale until further order(s) of this Court and all funds and property of the estate do not revest in Debtors pursuant to 11 U.S.C. § 349(b)(3).

    9. Upon the Trustee's final audit of Debtors' case, remaining funds, if any, will be refunded to the Debtor.

    10. The Trustee reserves the right to demand additional funds as necessary upon review of the Claims Register on file with the Clerk of the Bankruptcy Court.

    11. The plan is modified to allow the Trustee to disburse funds to creditors to pay up to a 100% distribution, subject to any further modification that is provided in ¶ 6 above. Unless expressly stated herein, the Motion does not otherwise modify the plan.

    12. Debtor must submit a final closing statement of the sale to the Trustee or otherwise obtain from creditor a withdrawal of any proof of claim filed on the property.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                Page 2                                F 3015-1.14.ORDER.CH13.GENRL

13. Debtor stipulates that there is cause and that the Court is "ordering otherwise" with regard to the provisions of 11 U.S.C. § 349(b) in the event the case is dismissed.

14. Claims provided for by the plan are deemed due and owing to creditors pursuant to 11 USC 1326(a)(2).

###

Date: November 13, 2023

Mark Houle
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　Page 3　　　　**F 3015-1.14.ORDER.CH13.GENRL**